UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| LARY FEEZOR, | CIV NO. 2:10-cv-908 FCD/CMK |
| Plaintiff, | |
| v. | MEMORANDUM AND ORDER |
| SEARS, ROEBUCK AND CO. dba SEARS; J.M. HOLLISTER, LLC dba HOLLISTER; WORK WORLD AMERICA, INC. dba WORK WORLD #101; BARNES & NOBLE BOOKSELLERS, INC. dba BARNES & NOBLE BOOKSELLERS #2920; THE GAP, INC. dba GAP #2701; HOT TOPIC, INC. dba HOT TOPIC #312; DESSERT TIME, INC. dba MRS. FIELD'S BAKERY CAFE #1052; J.C. PENNEY COMPANY, INC. dba JCPENNEY #1156; WORLD OF JEANS & TOPS dba TILLY'S; AE,RETAIL WEST, LLC dba AMERICAN EAGLE OUTFITTERS #00068; OLD NAVY, LLC dba OLD NAVY #5626, | |
| Defendants. | |

----oo0oo----

This matter is before the court on plaintiff Lary Feezor's ("plaintiff") motion for continuance of defendant Hot Topic, Inc.'s ("Hot Topic") motion for summary judgment. Plaintiff

agues that Hot Topic's motion is premature because plaintiff has not had an opportunity to conduct discovery.  Defendant opposes plaintiff's motion, asserting that he has not sufficiently identified the specific facts sought in discovery that would preclude summary judgment.  For the reasons set forth below,[1] plaintiff's motion for continuance is GRANTED.

**BACKGROUND**

Plaintiff brings an action for discrimination pursuant to the Americans with Disabilities Act ("ADA"), the Unruh Civil Rights Act ("UCRA"), and the Disabled Persons Act ("DPA").  The alleged discrimination took place at the structure and/or property of the following businesses: Hot Topic, Sears, Roebuck and Co. ("Sears"), J.M. Hollister, LLC ("Hollister"), Work World America, Inc. ("Work World"), Barnes & Noble Booksellers, Inc. ("B&N"), The Gap, Inc. ("Gap"), Dessert Time, Inc. ("Dessert Time"), J.C. Penney Company, Inc. ("J.C. Penney"), World of Jeans & Tops ("WJT"), AE, Retail West, LLC ("AE"), and Old Navy, LLC ("Old Navy").

Plaintiff alleges that he visited these stores and encountered several barriers at each establishment, which interfered with his ability to use and enjoy the goods, services, privileges, and accommodations offered at these facilities.  (Compl., filed April 15, 2010 [Docket # 1], ¶ 30.)  Specifically, plaintiff alleges that at the Hot Topic facility (1) the signage posted to indicate accessibility to disable persons is incorrect

---

[1] Because oral argument will not be of material assistance, the court orders these matters submitted on the briefs.  E.D. Cal. L.R. 230(g).

2

and posted too low; (2) the dressing room bench is not 24 inches wide by 48 inches long; and (3) the check-out counters do not meet proper specifications, do not indicate that they are accessible to disabled persons, and are not open at all times for persons with disabilities. (Compl. ¶ 41.) Plaintiff alleges these barriers constitute violations of the ADA, UCRA, and DPA.

Plaintiff filed his complaint on April 15, 2010. Sears and B&N filed an answer on May 20, 2010. J.C. Penney filed an answer on 26, 2010. WJT and Hollister filed an answer on May 26 and June 4, 2010, respectively. Subsequently, both WJT and Hollister settled with plaintiff on July 8 and October 20, 2010, respectively. Gap and Old Navy were voluntarily dismissed by plaintiff on July 19, 2010.

Hot Topic filed a motion to dismiss May 21, 2010 and a motion for summary judgment on August 18, 2010.[2] Plaintiff filed an opposition to Hot Topic's motion to dismiss on July 9, 2010.

## ANALYSIS

Plaintiff requests this court grant a continuance on Hot Topic's motion because he has not had an opportunity to conduct discovery.

Under Rule 56(f), the court must deny or continue a motion for summary judgment if an opposing party can show that "for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(f). Indeed, Rule 56(f) "requir[es], rather than merely permit[s], discovery where the nonmoving party has not had the opportunity to discover

---

[2] Defendants AE and Dessert Time have not yet appeared in this action.

3

information that is essential to its opposition." Metabolife Int'l, Inc. v. Wornick, 264 F.3d 832, 846 (9th Cir. 2001). The opposing party "must identify the specific facts that further discovery would reveal and explain why these facts would preclude summary judgment." Tatum v. San Francisico, 441 F.3d 1090, 1100 (9th Cir. 2006). "Defendant[] must show (1) that [he] ha[s] set forth in affidavit form the specific facts that [he] hope[s] to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are "essential" to resist the summary judgment motion. State of California v. Campbell, 138 F.3d 772, 779 (9th Cir. 1998).

In this case, discovery has not yet commenced.[3] Pursuant to the mandates of Rule 56(f), plaintiff has identified information he has not had an opportunity to discover. Specifically, plaintiff asserts that he must conduct the following discovery: (1) inspect Hot Topic's store; (2) identify and document the barriers alleged in plaintiff's complaint; (3) obtain expert testimony on those barriers; (4) and depose defendant's witness. (Decl. of Lynn Hubbard in Support of Mot. for Continuance, filed Sept. 24, 2010, ¶ 5.) Plaintiff contends that such discovery is required to support his claims regarding the alleged structural barriers on defendant's premises. As such, plaintiff must have some opportunity to pursue necessary discovery in order to make a proper response. See e.g. Burlington Northern Santa Fe R. Co. v. Assiniboine and Sioux Tribes, 323 F.3d 767,774 (9th Cir. 2003)

---

[3] Hot Topic filed its motion for summary judgment shortly after its motion to dismiss and prior to answering plaintiff's complaint.

4

(finding the district court's denial of defendants' Rule 56(f) motion was an abuse of discretion because the summary judgment motion was filed so early in the litigation that no discovery had yet taken place; thus, defendants did not have a reasonable opportunity to uncover facts before their opposition to the motion was due); cf. Byrd v. Guess, 137 F.3d 1126, 1135 (9th Cir. 1998) (holding that denial of Rule 56(f) motion was proper where the plaintiff had failed to pursue discovery for over a year); Nidds v. Schindler Elevator Corp., 113 F.3d 912, 921 (9th Cir. 1997) (same).

Defendant's assertion that plaintiff must have had such evidence prior to filing the complaint in order to comply with Federal Rule of Civil Procedure 11 is without merit. Rule 11(b)(3) states that plaintiffs must have "evidentiary support or . . . will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." This rule expressly contemplates that plaintiff be allowed a reasonable opportunity to obtain evidentiary support for his claim. As such, Hot Topic's assertion that Rule 11(b) "*required* Plaintiff's counsel to have had evidence to support each of the claims made in the Complaint *before* filing it" is wholly unsupported. (Def.'s Opp'n, filed Oct. 13, 2010, at 1)(emphasis in original).

Accordingly, plaintiff's motion for continuance is GRANTED. Defendant Hot Topic may refile its motion for summary judgment once plaintiff has had a reasonable opportunity to conduct the discovery set forth in his motion.

/////
/////

1   IT IS SO ORDERED.

2   DATED: October 29, 2010

3

4   FRANK C. DAMRELL, JR.
    UNITED STATES DISTRICT JUDGE