IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LARY FEEZOR,

        Plaintiff,                      No. CIV. S-10-0908 KJM-CMK

    vs.

SEARS, ROEBUCK AND CO., *et al.*,

        Defendants.              ORDER

/

        This matter is before the court on Sears, Roebuck and Co.'s ("defendant") motion for summary judgment and Lary Feezor's ("plaintiff") motion to strike defendant's affirmative defenses, or in the alternative, for summary judgment on those affirmative defenses. The court decided these motions without a hearing. For the following reasons, defendant's motion is granted and plaintiff's motion is denied.

I. FACTUAL BACKGROUND

        Plaintiff filed his original complaint in this action on April 16, 2010, which he amended on June 13, 2011 by leave of the court. (Am. Compl., ECF 77.) Plaintiff alleges violations of the Americans with Disabilities Act ("ADA"), the Disabled Persons Act ("DPA"), the Unruh Civil Rights Act ("Unruh Act") and California Health & Safety Code section 19955, *et. seq.* (*Id.*) Plaintiff is a paraplegic and wheelchair user. (ECF 89 ¶ 1.) Plaintiff lives in

1

1  Weaverville, California.  (*Id.* ¶ 5.)  When he visits the VA hospital in Palo Alto, he stops over in
2  Stockton, California.  (Feezor Dep., ECF 84-8 at 18:6-7.)  In addition, plaintiff has friends in the
3  Stockton area.  (*Id.* at 18:3.)  Stockton is three and a half hours away from plaintiff's home in
4  Weaverville.  (*Id.* at 17:6, 18:5-9.)  Plaintiff enjoys traveling, but anticipated at his January 7,
5  2011 deposition that 2010 would be the last year he would be able to travel significantly because
6  of imminent surgeries.  (ECF 84-8 at 9:10-14.)

7         The Sears store at issue is located at 5110 Pacific Avenue in Stockton, California
8  ("the store").  (ECF 89 ¶ 5.)  Defendant owns and operates the store.  (*Id*. ¶ 14.)  Plaintiff visited
9  the store on April 7, 2010.  (*Id*. ¶ 6.)  Plaintiff believes he visited the store with a guest, given
10 that it was his birthday, but he is unable to recall who that person is and there is nothing that can
11 help jog his memory.  (ECF 84-8 at 19.)  He has not been back to the store since, and he has no
12 definite plans to return to the store.  (ECF 89 ¶ 11.)  In his affidavit submitted with the
13 opposition, plaintiff alleges, "I still travel in the Stockton area, where the Sears store is located,
14 and I fully intend to return to the Sears store at issue in this lawsuit."  (ECF 86-4 at 3.)  Plaintiff
15 does not assert any definitive reason why, or any time-frame for when, he would again make the
16 three and a half hour trip to the store.  Plaintiff does not provide affidavits from friends in the
17 area, identify any specific places he likes to visit in Stockton, offer any specifics about his visits
18 to Palo Alto or any other information or specific facts to support his affirmation of an intent to
19 return in his affidavit.

20        Upon his visit to the store, plaintiff identified three barriers in the men's dressing
21 room.  Plaintiff now concedes the bench height is adequate and defendant is entitled to summary
22 judgment against him on this claim.  (ECF 86 at 10.)  Of the two remaining alleged barriers, the
23 first is that the bench in the men's dressing room runs the length of the wall and exceeds forty-
24 eight inches, and therefore plaintiff is unable to make a diagonal transfer onto it.  (ECF 77 ¶ 13.)
25 The accessible men's fitting room at the store features a bench that is 24 inches deep, 60-1/2  or
26 61 inches long and 18 inches high.  (ECF 89 ¶ 15.)  Plaintiff entered the dressing room intending

2

to try on pants but was allegedly unable to do so because he could not transfer to the bench using a diagonal transfer. (Leonard Decl., Ex. A, Feezor Dep., ECF 86-2 at 14.) However, plaintiff stated during his deposition that he could have managed to move to the bench, although the bench did not seem sturdy. (ECF 84-8 at 20.) The second identified barrier is that the mirror in the dressing room hangs on a wall more than ten feet from the bench and therefore was not viewable from the bench. (ECF 86 at 8-9; ECF 77 ¶ 13.) A mirror is affixed to the wall located directly opposite from the bench. (ECF 89 ¶ 16.) Defendant has not altered either the mirror or bench since plaintiff's visit on April 7, 2010. (*Id.* ¶ 17.)

Plaintiff filed his present motion to strike or for summary judgment in the alternative on December 6, 2011. (ECF 81.) Defendant filed its opposition on January 27, 2012. (ECF 87.) Plaintiff filed his reply on February 3, 2012. (ECF 92.) Defendant filed its present motion for summary judgment on January 13, 2012. (ECF 84.) Plaintiff filed his opposition on January 27, 2012. (ECF 86.) Defendant filed its reply on February 3, 2012. (ECF 88.)

II. PLAINTIFF'S MOTION

Plaintiff moves to strike the affirmative defenses from defendant's answer or in the alternative, for summary judgment on those defenses. (ECF 81.) Plaintiff's motion is untimely under Federal Rule of Civil Procedure 12(f). A motion to strike under Rule 12(f) must be brought "before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." FED. R. CIV. P. 12(f)(2). More than twenty-one days have elapsed since the answer was filed. The court declines to consider striking the defenses *sua sponte*. *See* FED. R. CIV. P. 12(f)(1).

III. DEFENDANT'S MOTION

    A. Summary Judgment Standard

        1. Overarching Standard

A court will grant summary judgment "if . . . there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).

3

1  The "threshold inquiry" is whether "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 250 (1986).[1]

The moving party bears the initial burden of showing the district court "that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The burden then shifts to the nonmoving party, which "must establish that there is a genuine issue of material fact . . . ." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 585 (1986). In carrying their burdens, both parties must "cit[e] to particular parts of materials in the record . . .; or show [] that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56(c)(1); *see also Matsushita*, 475 U.S. at 586 ("[the nonmoving party] must do more than simply show that there is some metaphysical doubt as to the material facts"). Moreover, "the requirement is that there be no genuine issue of material fact . . . . Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 247-48 (emphasis in original).

In deciding a motion for summary judgment, the court draws all inferences and views all evidence in the light most favorable to the nonmoving party. *Matsushita*, 475 U.S. at 587-88; *Whitman v. Mineta*, 541 F.3d 929, 931 (9th Cir. 2008). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (quoting *First Nat'l Bank of Arizona v. Cities Serv. Co*., 391 U.S. 253, 289 (1968)). "Only admissible evidence may be considered in ruling on a motion for summary judgment." *Collier v. Turner Indus. Group, L.L.C.*, 797 F. Supp. 2d 1029, 1039 (D. Idaho 2011) (citations omitted); *see also Hughes v. United States*, 953 F.2d 531, 543

---

[1] Rule 56 was amended, effective December 1, 2010. However, it is appropriate to rely on cases decided before the amendment took effect, as "[t]he standard for granting summary judgment remains unchanged." FED. R. CIV. P. 56, Notes of Advisory Comm. on 2010 amendments.

4

(9th Cir. 1992) ("[T]he facts underlying the affidavit must be of a type that would be admissible as evidence . . . ."). "On summary judgment, evidence need not be in a form that is admissible at trial. [citation] Accordingly, as long as a party submits evidence, which, regardless of its form, may be admissible at trial, it may be considered on summary judgment." *Collins v. Mendoza-Powers*, No. 1:06-CV-1608-AWI-GSA, 2009 WL 453060, at *5 n.4 (E.D. Cal. Feb. 23, 2009).

        2.      Party's Own Affidavits

As a general rule, self-serving declarations and affidavits, without more, cannot create a disputed material fact. *See Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002) ("[The Ninth Circuit] has refused to find a 'genuine issue' where the only evidence presented is 'uncorroborated and self-serving' testimony." (quoting *Kennedy v. Applause, Inc.*, 90 F.3d 1477, 1481 (9th Cir. 1996)). The contours of this rule are especially important where, as here, the only proffered evidence of a material disputed fact is the deposition testimony of the plaintiff. "A conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact." *F.T.C. v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1996). The summary judgment inquiry "focuses on whether the nonmoving party has come forward with sufficiently 'specific' facts from which to draw reasonable inferences about other material facts that are necessary elements of the nonmoving party's claim." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 632 n.3 (9th Cir. 1987).

However, the Ninth Circuit has also recognized that a party's affidavits are always self-serving and therefore "[i]n most cases, [that] an affidavit is self-serving bears on its credibility, not on its cognizability for purposes of establishing a genuine issue of material fact. Only in certain instances--such as when a declaration states only conclusions, and not such facts as would be admissible in evidence, --can a court disregard a self-serving declaration for purposes of summary judgment." *S.E.C. v. Phan*, 500 F.3d 895, 909 (9th Cir. 2007) (internal quotation marks and citation omitted). *Phan* distinguished *Villiarimo* because the affidavit at

issue in *Villiarimo* contained facts outside of the declarant's personal knowledge. *Id*. at 910. Similarly, the *Phan* court noted that information based on private first person knowledge will often lack corroboration and this should not lead to defeat at the summary judgment stage. *Id*. ("it is unremarkable that the defendants could not otherwise corroborate their personal conversations"). "A judge must not grant summary judgment based on his determination that one set of facts is more believable than another." *Nelson v. City of Davis*, 571 F.3d 924, 929 (9th Cir. 2009).

Even allowing for plaintiff's deposition testimony to contest essential facts singlehandedly, it remains incumbent upon the non-moving party to identify specific facts. "Where the facts contained in an affidavit are 'neither in the form of legal conclusions nor speculative, but are material facts based on [the affiant's] personal recollection of the events,' the affidavit is not conclusory." *United States v. $223,178.00 in Bank Account Funds*, 333 F. Ap'px 337, 338 (9th Cir. 2009) (quoting *Orsini v. O/S Seabrooke O.N.*, 247 F.3d 953, 960 n.4 (9th Cir. 2001)). "A scintilla of evidence or evidence that is merely colorable or not significantly probative does not present a genuine issue of material fact." *Addisu v. Fred Meyer*, *Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000). Plaintiff must present sufficient evidence such that a rational juror could find in his favor. *See Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 889 (9th Cir. 1994).

3. Standing

Finally, when a court is confronted with a challenge to standing on summary judgment, the court must decide issues of fact necessary to the standing determination, applying the relevant summary judgment standard. *See In re ATM Fee Antitrust Litig.*, 686 F.3d 741, 747 (9th Cir. 2012); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561(1992) ("each element [of standing] must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation."). "Therefore, if there is a genuine issue of material fact, then summary judgment

/////

6

is inappropriate without the district court resolving the factual dispute." *In re ATM Fee Antitrust Litig.*, 686 F.3d at 747.

      B.      Analysis

            1.      Standing

Defendant contends it is entitled to summary judgment because plaintiff lacks standing. Defendant argues that any injuries plaintiff alleges are conjectural or hypothetical, not real and immediate, as plaintiff has no intent to return to the property at issue.

"[T]o invoke the jurisdiction of the federal courts, a disabled individual claiming discrimination must satisfy the case or controversy requirement of Article III by demonstrating his standing to sue at each stage of the litigation." *Chapman v. Pier 1 Imports*, 631 F.3d 939, 946 (9th Cir. 2011). "To demonstrate standing, a plaintiff must (1) have suffered an injury in fact – an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) there must be a causal connection between the injury and the conduct complained of – the injury has to be fairly . . . traceable to the challenged action of the defendant, and not . . . the result [of] the independent action of some third party not before the court; and (3) it must be likely as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Pritikin v. Dep't of Energy*, 254 F.3d 791, 796-97 (9th Cir. 2001) (internal quotation marks and citations omitted) (alterations in original).

"[W]hen an ADA plaintiff has suffered an injury-in-fact by encountering a barrier that deprives him of full and equal enjoyment of the facility due to his particular disability, he has standing to sue for injunctive relief as to that barrier and other barriers related to his disability," but that plaintiff must establish standing "either by demonstrating deterrence, or by demonstrating injury-in-fact coupled with an intent to return to a noncompliant facility." *Chapman*, 631 F.3d at 944. Furthermore, "the party asserting federal jurisdiction bears the burden" of demonstrating he has standing "at every stage of litigation." *Krottner v. Starbucks Corp.*, 628 F.3d 1139, 1141 (9th Cir. 2010); *Chapman*, 631 F.3d at 946.

7

a. Intent to return

In addition to demonstrating a suffered injury-in-fact, the burden placed on an ADA plaintiff seeking injunctive relief includes establishing "a real and immediate threat of repeated injury." *Chapman*, 631 F.3d at 948 (quotation marks and citation omitted). "In determining whether a plaintiff's likelihood of returning to a defendant is sufficient to confer standing, courts have examined factors such as '(1) the proximity of the place of public accommodation to plaintiff's residence, (2) plaintiff's past patronage of defendant's business, (3) the definitiveness of plaintiff's plans to return, and (4) the plaintiff's frequency of travel near defendant.'" *Harris v. Del Taco, Inc.*, 396 F. Supp. 2d 1107, 1113 (C.D. Cal. 2005) (quoting *Molski v. Arby's Huntington Beach*, 359 F. Supp. 2d 938, 947 n.10 (C.D. Cal. Mar. 14, 2005)). "'Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects.'" *Id.* at 1112 (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983)).

Here, application of the proximity and past patronage factors both strongly militate against finding standing. Plaintiff lives three and a half hours away from the location and does not offer any specific details regarding his travels to the area. He stops over in Stockton for a travel break on his way to receive medical treatment at the Palo Alto VA facility. (ECF 84-8 at 25.) Plaintiff states that he visited the Sears store on one occasion. (ECF 86-4 at 2.) No specific facts regarding his connections to Stockton or likelihood to return are alleged. (*Compare id.* at 3 ("I still travel through the Stockton area. . .and I fully intend to return to the Sears store. . .") *and* ECF 86-2 at 23 (plaintiff's deposition testimony indicating that "Sure, I'll go back. Absolutely."; at same time he has no "distinct plan" to return.") *with* ECF 84-8 at 26 (deposition testimony that 2010 "would be last year because of [] surgeries"; in 2011 "not going to be able to travel as much as I have been"). As a result, plaintiff has failed to raise a triable issue of fact on the first two factors.

/////

1 Similarly, plaintiff's intent to return and frequency of travel in the area are
2 related. "Standing cannot be established 'by respondents' mere profession of an intent, some
3 day, to return.'" *Molski v. Mandarin Touch Rest.*, 385 F. Supp. 2d 1042, 1046 (C.D. Cal. 2005)
4 (quoting *Lujan*, 504 U.S. at 564 n.2). "Such 'some day' intentions--without any description of
5 concrete plans, or indeed even any specification of *when* the some day will be--do not support a
6 finding of" sufficient standing. *Lujan*, 504 U.S. at 564 (citations omitted) (emphasis in original).
7 When discussing his plans to return to the store, plaintiff fails to allege anything more than
8 precisely what the *Lujan* court found insufficient to confer standing: a "some day intention" to
9 return.

10 Although the court must draw all inferences in favor of the non-moving party on a
11 motion for summary judgment, such inferences must be reasonable. While plaintiff has
12 professed a generalized intent to return to the store, he has failed to "demonstrat[e] an intent to
13 return" to the stores. *See Chapman*, 631 F.3d at 949. Plaintiff offers no specific facts to
14 corroborate his alleged intent to return to the store, and admits he does not have "any distinct
15 plan[s] to visit" the store again. (ECF 84-8 at 24.) Plaintiff fails to assert any reasons or facts to
16 suggest why he is more likely to stop over in Stockton, as opposed to any of the other towns en
17 route to Palo Alto, assuming he will return to Palo Alto. (ECF 86-1 at ¶ 29 (plaintiff
18 acknowledges there are multiple Sears locations more conveniently located by his home).)
19 Likewise, plaintiff fails to provide any facts to suggest why, if he does stop in Stockton, he
20 would necessarily want or need to go to Sears. To rely solely on the Ninth Circuit admonitions
21 to construe standing broadly in ADA cases, on the present record, would eviscerate the
22 constitutional requirement that there be a "likelihood of future injury" in favor of a new standard
23 of merely a "possibility of future injury." This, in turn, would permit litigants to remain in
24 federal court based on self-generated standing supported by mere threadbare assertions of the
25 /////
26 /////

9

requisite intent.  Such self-serving conclusory assertions as those made by plaintiff here are not sufficient to confer standing at the summary judgment stage.[2]

Numerous courts recognize that standing does not exist where plaintiff offers a tenuous, conjectural and self-serving assertion of intent to return to an establishment. *See, e.g., Johnson v. Overlook at Blue Ravine, LLC*, 2:10-CV-02387 JAM, 2012 WL 2993890 (E.D. Cal. July 20, 2012) (no standing where plaintiff had no personal ties to area, failed to name any known friends or family in area and alleged no specific intent to return other than "some day"); *Lema v. Courtyard Marriott Merced*, 1:10-CV-01131-SMS, 2012 WL 1038108 (E.D. Cal. Mar. 27, 2012) (no standing in suit after plaintiff's single trip to hotel without pleading any specific facts supporting a professed intent to return); *Moreno v. G & M Oil Co.*, 88 F. Supp. 2d 1116, 1117-18 (C.D. Cal. 2000) (no standing in suit against defendant's gas stations simply because plaintiff frequently travels by car and visited a single location once); *Lil v. El Torito Restaurants, Inc.,* No. C 94–3900–CAL, 1997 WL 714866 (N.D. Cal. June 24, 1997) (no standing where plaintiff made only one visit to a restaurant located over one hundred miles from home and did not allege any specific facts illustrating an intent to return).  In cases where standing is found, courts note the specific facts that connect plaintiff's assertion of an intent to return to a reasonable likelihood a return trip will occur. *See Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1041 (9th Cir. 2008) (defendant's store was located next to plaintiff's favorite fast-food restaurant and plaintiff made 10 to 20 past visits); *Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1082 (9th Cir. 2004) (plaintiff visited defendant's movie theater regularly, often more than three times a week); *Pickern v. Holiday Quality Foods Inc.*, 293 F.3d 1133, 1138 (9th Cir. 2002) (defendant's grocery store was near plaintiff's grandmother's house and plaintiff pled specific facts illustrating a demonstrated preference for the store during weekly visits); *Parr v. L & L*

---

[2] Plaintiff's own alleged desire to eventually return to a business, despite lack of any specific alleged facts to corroborate such an intent, may be sufficient to establish standing at the pleading stage.  *Arby's Huntington Beach*, 359 F. Supp. 2d at 947 n.10.  However, "such evidence may demonstrate a lack of standing at successive stages in the litigation." *Id.*  At the summary judgment stage, more is required.

*Drive–Inn Restaurant,* 96 F. Supp. 2d 1065, 1080 (D. Haw. 2000) (plaintiff regularly patronized other restaurants in the chain and identified defendant restaurant's proximity to his residence and location on familiar bus line).

In sum, plaintiff lacks standing if, as here, "he is indifferent to returning to the store or if his alleged intent to return is not genuine." *Chapman*, 631 F.3d at 953.

    b.  Deterrence

A plaintiff can also establish standing by demonstrating he was deterred from visiting the public accommodation because of the barriers he encountered. *Chapman*, 631 F.3d at 950. However, plaintiff cannot simply "leave[] the federal court to guess . . . how any of the alleged violations . . . deter him from visiting the Store due to his disability." *Id.* at 955. Here, although plaintiff makes a conclusory assertion of deterrence in his deposition, there is no evidence he has been deterred from visiting defendant's store or any facts in the record to demonstrate how the particular barriers deterred his future patronage. Plaintiff merely states it is his personal "policy" to consider himself deterred from returning to any establishment that is non-compliant until they are compliant, regardless of any actual desire or need to patronize the business. (ECF 84-8 at 23-24 ("Q. Have you been deterred from visiting this particular Sears store? . . . A. No specific day but every day until they make the changes. That's my policy.").) Such a purely conclusory and self-serving assertion lacks any specific factual allegation to show the court how the barriers deterred any future plans to visit the store again. As such, the court finds itself "left to guess" how the barriers continue to deter plaintiff. *Chapman*, 631 F.3d at 955. Plaintiff has failed to establish sufficient triable issues of fact demonstrating the deterrence needed to confer standing at this stage in the litigation.

/////

/////

/////

/////

IV. CONCLUSION

Because plaintiff has failed to establish standing at the summary judgment stage, this court lacks jurisdiction. This case is dismissed.

IT IS SO ORDERED.

DATED: September 30, 2012.

_____
UNITED STATES DISTRICT JUDGE